IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| POWER BUYING DEALERS USA, INC., a Delaware corporation, CR@ZY US, LLC, a North Carolina limited liability company, and POWER ENERGY CORPORATION, a Delaware corporation, <br><br> Plaintiffs, <br><br> v. <br><br> JUUL LABS, INC., a Delaware corporation, and HS WHOLESALE, LIMITED, an corporation, <br><br> Defendants. | Case No. 1:21-cv-3154 <br><br> Judge Sharon J. Coleman <br><br> Magistrate Judge Jeffrey T. Gilbert |

**PLAINTIFFS' MOTION FOR LEAVE TO FILE
SECOND AMENDED COMPLAINT**

NOW COME Plaintiffs, POWER BUYING DEALERS, USA, INC., CR@ZY US, LLC, and POWER ENERGY CORPORATION, by and through their counsel, Gary Grasso and Adam Bowers of the Grasso Law, P.C. law firm, and for their Motion for Leave to file Second Amended Complaint, state as follows:

**I.    The Magistrate Judge's April 18, 2022 Memorandum Order**

On April 18, 2022, in connection with the Defendants' Joint Motion to Resolve Discovery Dispute Regarding the Scope of Power Buying Dealers USA, Inc.'s Discovery Requests (ECF #70), Magistrate Gilbert entered a Memorandum Order (ECF #86) granting said Joint Motion and limiting the scope of discovery to northern Illinois.

1

Defendants' arguments notwithstanding, the Memorandum Order was based upon a determination of the "…relevant geographic market for purposes of this case as currently pled." (*Cf.* Memorandum Order, ECF #86, p. 5). The Memorandum Order indicated that the allegations in PBD's First Amended Complaint set the proper scope of discovery, "…limited to the relevant geographic market of northern Illinois." (Id.).[1]

The Memorandum Order also indicated that "To the extent that PBD can show or allege with specificity that there is more than one relevant geographic market in which PBD and HSW engage in more than sporadic or *de minimis* competition, then discovery potentially could include HSW's sales to customers in that geographic market during the relevant time as well." (Id., p. 6).

Thus, the Memorandum Order ostensibly allowed for the possibility of an amended pleading setting forth sufficient allegations to expand the geographic markets at issue in this case and subject to discovery.

## II. Plaintiffs' Prior Objection to the Magistrate's Memorandum Order

On May 2, 2022, Plaintiffs filed Objections to the Memorandum Order (ECF #88), and, *in the alternative*, moved for leave to amend the Complaint. Plaintiffs' Objections and motion for leave were supported by the Declaration of Sam Odeh (ECF #88-1), which identified certain information regarding sales in other geographic

---

[1] With due respect to Magistrate Gilbert's Memorandum Order, Plaintiffs respectfully reserve (and do not waive) their argument and position that a limitation on the discovery of diversion to a particular geographical market is contrary (1) to the Robinson-Patman Act as well as a misapplication of *Napleton's Arlington Heights Motors, Inc. v. FCA USA LLC,* 214 F. Supp. 3d 675 (N.D. Ill. 2016), and (2) to the relevance and proportionality standards for discovery under FRCP 26(b)(1).

2

markets. A copy of that Declaration of Sam Odeh is attached hereto and made a part hereof as Exhibit "A".

Mr. Odeh's Declaration (Exhibit "A") set forth information including (a) sales in 2018 and 2019 to B&G Wholesale in Houston: in excess of $236,000; (b) sales in 2018 and 2019 to Zee Wholesale in Michigan: in excess of $120,000; (c) sales in 2018 in California: $50,000; (d) sales in 2018 in Arizona: $75,000; (e) sales in 2018 in Nevada: $23,380; (f) sales in 2018 in Texas: $236,820; (g) sales in 2018 in New York: $1,112,637; (h) sales in 2018 in Pennsylvania: $1,504,000; (i) sales in 2018 in Michigan: $193,308; sales in 2018 in Wisconsin: $33,000; (j) sales in 2018 in Indiana: $5,050; (k) sales in 2018 in Florida: $1,018,000; (l) sales in 2018 in Georgia: $1,131,680; and (m) sales in 2018 in South Carolina: $25,000. In total, these sales in other locations attested by Mr. Odeh exceed $5.7 million, and as such are far from *de minimis*.

The record and current pleading here already reveals that PBD competed against HSW as to B&G in Texas and Zee Wholesale in Michigan because the record show diversion of sales from PBD to HSW involving B&G and Zee Wholesale. Moreover, PBD's sales to B&G and Zee Wholesale prior to diversion to HSW were neither sporadic nor *de minimis*.

Plaintiffs, in the alternative, sought leave to file a Second Amended Complaint, which was filed and attached as ECF #88-2. The proposed Second Amended Complaint alleges that PBD USA and HS Wholesale compete for customers for Juul products in the states of Illinois, California, Arizona, Nevada, Texas, New York,

3

Pennsylvania, Michigan, Wisconsin, Indiana, Florida, Georgia, and South Carolina. (Exhibit "B", p. 16, ¶95).

Plaintiffs' Motion was fully briefed and taken under advisement, per the Court's Minute Order of July 29, 2022 (ECF #106).

### III. Plaintiffs' Motion for Leave to File Second Amended Complaint

The undersigned counsel recently entered their appearance as successor counsel on behalf of Plaintiffs (on July 22 [ECF #101], July 27 [ECF #102 and 103], and August 1 [ECF #108]).

On August 12, the undersigned counsel, in a communication to the trial court and copying counsel for the Defendants, sought to withdraw the "Objections" and stand on the Motion in the alternative, for leave to file Second Amended Complaint.

On August 15, the trial court entered a minute order instructing that Plaintiffs file a separate motion for leave to file second amended complaint. (ECF #109). The instant motion is pursuant to the trial court's order. Pursuant to that same order, and contemporaneous with this Motion, the proposed Second Amended Complaint is being "filed as a separate docket entry on the case docket and not as an attachment to the motion." (Id.).

Granting leave to file Plaintiffs' Second Amended Complaint is warranted by the applicable rules and circumstances present here. Pursuant to FRCP 15, after amending a pleading once as a matter of course, a party may nevertheless amend its pleading upon leave of court. "The court should freely give leave when justice so requires." (FRCP 15(a)(1), (2)). "This liberal policy of granting amendments is based

in part on the belief that decisions on the merits should be made whenever possible, absent countervailing considerations." *McDaniel v. Loyola Univ. Med. Ctr.,* 317 F.R.D. 72, 76 (N.D. Ill. 2016)(quoting *Olech v. Village of Willowbrook,* 138 F. Supp. 2d 1036, 1040 (N.D. Ill. 2000)). "Leave to amend should be freely given '[i]n the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, [or] futility of amendment.'" *McDaniel* at 76 (quoting *Barry Aviation, Inc. v. Land O'Lakes Mun. Airport Comm'n*, 377 F.3d 682, 687 (7th Cir. 2004)).[2]

Magistrate Gilbert, in his Memorandum Order, outlined the required parameters ("To the extent that PBD can show or allege with specificity that there is more than one relevant geographic market in which PBD and HSW engage in more than sporadic or *de minimis* competition, then discovery potentially could include HSW's sales to customers in that geographic market during the relevant time as well.") which Mr. Odeh's Declaration (Exhibit "A") and Plaintiffs' proposed Second Amended Complaint addresses.

The proposed amendment is in line with the facts of this case and would not be futile. HSW's website indicates that it is "The #1 National Vape, Smoke Shop and JUUL Distributor" and "a trusted source for Vape & Smoke shops across the U.S."[3]

---

[2] There are not any anticipated statute of limitations issues such that "relation back" analysis is implicated or required.

[3] *See* hswsupply.com (last visited August 19, 2022). This Court can take judicial notice of HSW's statements on its website under Federal Rule of Evidence 201(b) because the website

5

Prior to Juul's discriminatory conduct, PBD sold Juul products in the states of Illinois, California, Arizona, Nevada, Texas, New York, Pennsylvania, Michigan, Wisconsin, Indiana, Florida, Georgia, and South Carolina. (Exhibit "A", Declaration of Sam Odeh, ¶4). Mr. Odeh's Declaration also establishes that PBD's sales of Juul products in 2018 in those states were not sporadic or *de minimis*, which is in line with the standard indicated by Magistrate Gilbert.

## IV.  Conclusion

By this Motion, Plaintiffs respectfully request leave to file their Second Amended Complaint, filed as a separate docket entry, pursuant to the Court's order of August 15.

WHEREFORE, Plaintiffs respectfully request leave of Court to file their Second Amended Complaint, and for such other and further relief as the Court deems just and equitable.

Respectfully submitted,

/s/    Gary A. Grasso
By:   Gary A. Grasso, Esq.
       One of Plaintiffs' attorneys

Gary A. Grasso, Esq. (ARDC #3121760)
    ggrasso@grassolaw.com
Adam R. Bowers, Esq. (ARDC #6277163)
    abowers@grassolaw.com
GRASSO LAW, P.C.
38 S. Blaine Street, Suite 100
Hinsdale, IL 60521
(630) 654-4500

---

is capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned. *See, e.g., General Elec. Capital Corp. v Lease Resolution Corp.,* 128 F.3d 1074, 1081 (7th Cir. 1997) (finding judicial notice appropriate under the standard set forth in Federal Rule of Evidence 201(b)).

6

## **CERTIFICATE OF SERVICE**

The undersigned, being one of the attorneys of record in the above case, certifies that he caused a copy of the foregoing to be served upon opposing counsel of record via the Court's CM/ECF system on August 19, 2022.

          /s/    Adam R. Bowers
By:   Adam R. Bowers, Esq.