IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| POWER BUYING DEALERS USA, INC., a Delaware corporation,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>JUUL LABS, INC., a Delaware corporation, and HS WHOLESALE, LIMITED, an Illinois corporation,<br><br>　　　　Defendants. | Case No. 1:21-cv-3154<br><br>Judge Sharon J. Coleman<br><br>Magistrate Judge Jeffrey T. Gilbert |

**PLAINTIFF'S MOTION TO SANCTION DEFENDANT HS WHOLESALE, LIMITED FOR ITS VIOLATION OF THE COURT'S ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL**

NOW COMES Plaintiff, POWER BUYING DEALERS, USA, INC., by and through its counsel, Gary Grasso and Adam Bowers of the Grasso Law, P.C. law firm, and for its Motion to Sanction Defendant HS WHOLESALE, LIMITED ("HSW") for its Violation of the Court's Order Granting Plaintiff's Motion to Compel, state as follows:

INTRODUCTION

After extended briefing and an in-person hearing, on October 25 the Court granted Plaintiff's Motion to Compel Defendant HSW's responses to Plaintiff's First and Second Supplemental Production Requests, and ordered HSW to respond by November 9, 2023. (ECF #185). Defendant HSW's responses are necessary and material to completing fact discovery timely, and its failure and refusal to respond has contributed significant delays in this case.

1

Despite the Court's clear instructions and admonishments, although HSW produced a *portion* of the documents it was required to produce, it did *not* fully or even substantially comply with the Court's order. As such, HSW is now in violation of the Court's order, and continues to thumb its nose at the Court.

JLI's most recent productions has helped make evident to PBD *why* HSW has resisted meeting its obligation to produce documents that PBD has sought for two years. HSW should not be given any safe harbor now. Its continued conduct is egregious. Were it the Plaintiff that stood in violation, the Defendants would likely ask the Court to dismiss this action; here, the appropriate remedy is to sanction Defendant HSW by entering default judgment and awarding fees and expenses associated with bringing this Motion. For the reasons that follow, Plaintiff asks the Court for a suitable remedy, up to and including default judgment against HSW.

## BACKGROUND

The Plaintiff sought additional discovery which was targeted and based upon the Second Amended Complaint (ECF #112, filed 8/19/22), focusing upon pricing, allocation, credits/swaps and programs for the three years 2017 through 2019 and the applicable policies and procedures. As noted in Plaintiff's prior briefing, HSW resisted providing any updated discovery to cover the additional geographic regions, despite filing their Answer to the Second Amended Complaint and arguably waiving any objection to the discoverability of facts and documents concerning those regions. (ECF #116 & #119).

During the hearing on October 25, Plaintiff's counsel understood the Court as having indicated that due to HSW's lack of cooperation leading up to being compelled to respond to Plaintiff's supplemental discovery, that it was ordering complete responses from HSW. At the hearing, counsel for HSW did not ask the Court to review any particular supplemental request and seek a ruling on it. Thus, the Court's order (ECF #185) simply directed HSW's full compliance.

On October 27, counsel for the Plaintiff sent an e-mail to counsel for HSW, a copy of which is attached hereto and made a part hereof as Exhibit "A". In that e-mail, counsel for the Plaintiff indicated that the purpose of the communication was to provide some clarification to Plaintiff's requests. Counsel detailed each request individually, with further explanations. In the case of the First Production Request, Plaintiff withdrew two of the four supplemental requests. Plaintiff's counsel also asked that HSW's "…responses address and correspond to each separate request…" Generally summarizing, the supplemental requests sought:

    a. Documents concerning HSW's sales of Juul products for the regions specified in the Second Amended Complaint;

    b. Communications between HSW principals and Juul principals for the regions specified in the Second Amended Complaint;

    c. Documents concerning Juul promotions that HSW was offered an opportunity to participate, or in fact did participate;

    d. Documents concerning rebates paid to HSW as part of the Sales Promotion Program;

e. Documents concerning allocations of products provided to HSW and rebate information under the Sales Promotion Program;

f. Documents relating to JLI's product return policies and practices;

g. Documents relating to HSW's product returns to JLI within the relevant timeframe;

h. Documents relating to JLI policies or practices regarding payments;

i. Documents relating to actual payments for services or facilities by JLI to HSW within the relevant timeframe;

j. Documents concerning incentives (and related) that concern any policies or procedures within the relevant timeframe;

k. Documents that refer to furnishing or accepting services to HSW;

l. Unredacted customer account detail schedules showing sales by product and dollar amount by date within the relevant timeframe;

m. Date-specific information about HSW's customers, its sub-distributors, resellers and retailers.

Plaintiff's counsel also offered further discussion to resolve any issues prior to the November 9 deadline.

On November 1, Adam Bowers, one of the attorneys for Plaintiff, and Michael Jacobson, one of the attorneys for HSW, conducted a "meet and confer" by telephone. Several things came to light during that discussion. The first thing that became apparent is that HSW would not fully comply with the Court's order by the November 9 deadline.

Mr. Jacobson attempted to "tell" Mr. Bowers that (a) HSW did not need to produce any records beyond April 2019 (even if the production request sought records through the end of 2019), that (b) HSW would only produce sales records for Juul "starter" kits and "basic" kits, not pods. Mr. Bowers indicated that this was not acceptable and that HSW could not unilaterally reframe the production requests. Mr. Jacobson then "threatened" to revisit the issue with the Court and seek clarification, and Mr. Bowers encouraged him to take any such matters for clarification to the Court.

Mr. Jacobson indicated on that call that among other things that would not be produced timely, HSW would only produce "sales summaries" by the November 9 deadline, versus complete sales records. Mr. Jacobson indicated that he did not have adequate resources (*i.e.,* "manpower") to fully review all of the sales records for timely production. He attempted to secure Mr. Bowers' "agreement" that HSW could delay its full production in violation of the Court's order (without proposing an extended schedule), to which Mr. Bowers declined to agree.

Incidentally, Mr. Jacobson's stated basis of "inadequate resources/manpower to fully review" was disingenuous at best, because the following day, on November 2,

5

he issued HSW's own "supplemental" production requests and interrogatories to PBD, along with an 8-page letter outlining PBD's purported "discovery deficiencies" which, up to that time had not been identified or asserted previously, despite over a year of the pendency of the Second Amended Complaint.

HSW's "Second Set of Interrogatories Directed to Plaintiff" is six pages long, includes seven interrogatories, and seeks "responsive information" through December 31, 2019 – the same end date identified by PBD in *its* requests, to which HSW's counsel objected. HSW's "Second Set of Requests for Production of Documents to Plaintiff" is nine pages in length, likewise seeks documents through December 31, 2019, and consists of 23 additional production requests (beyond the previous 45 requests). Finally, on November 9, HSW served its "Third Set of Interrogatories Directed to Plaintiff" which is five pages long, again seeks responsive information through December 31, 2019 (notwithstanding its own objection), and sets forth an additional nine interrogatories (*i.e.,* two interrogatories, plus seven sub-parts).

Mr. Jacobson raised nothing about any such issues with Mr. Bowers during their call the day before. Moreover, that letter dated November 2 rather boldly insisted upon "full compliance" from *PBD* "in seven days, by November 9, 2023," which coincidentally was the deadline for *HSW's* Court-ordered compliance.

On November 2, Mr. Bowers responded to Mr. Jacobson, stating that "now we understand that rather than applying your available resources to complying with Magistrate Gilbert's order, you were and are creating new issues and attempting to

divert attention away from HSW's own deficiencies." A complete copy of the communication is attached hereto and made a part hereof as Exhibit "B".

Mr. Bowers' e-mail communication of November 2 (Exhibit "B") went on to outline what was discussed during the "meet and confer" with Mr. Jacobson on November 1: (a) PBD would not agree to accept "summaries" of sales by the deadline with remaining documents to follow at an unspecified date, (b) PBD expected that HSW would provide full, complete, and comprehensive responses by November 9; (c) HSW's responses must comply with both the identified date ranges and specified scope; and (d) that HSW would not be in compliance with the Court's order if it unilaterally adjusted dates ("such as curtailing the date range to April 2019 instead of all of 2019).

Neither Mr. Jacobson nor any other attorney on behalf of HSW responded further, but on November 8, HSW served a supplemental production. Then on November 9, Mr. Jacobson sent an e-mail to PBD's counsel, a copy of which is attached hereto and made a part hereof as Exhibit "C", stating: "…HS Wholesale made a supplemental production on November 8. The supplemental production contains a summary of all sales of Juul starter kits and basic kits in Illinois, California, Arizona, Nevada, Texas, New York, Pennsylvania, Michigan, Wisconsin, Indiana, Florida, Georgia, and South Carolina…HS Wholesale has provided individual invoices supporting those sales."

HSW did not serve a formal response to the two supplemental production requests, and did not identify which documents corresponded to the particular

supplemental requests, contrary to Plaintiff's counsel specific request that it do so. Moreover, the sales summary (an Excel spreadsheet labeled "HSW_003155") only summarized sales through April 30, 2019; Mr. Jacobson indicated in his e-mail that further sales "through the end of 2019" would be made in an unspecified "supplemental production". Thus, even as to the sales information, which was only a portion of what Plaintiff requested, the "summary" only included information about starter kits and basic kits, not all Juul products, ending at April 2019.

So again, Mr. Bowers sent an e-mail communication to Mr. Jacobson on November 10 which outlined these problems and stated an openness to further discussion in a meet and confer. A copy of that communication is attached hereto and made a part hereof as Exhibit "D". Following that November 10 communication, Messrs. Bowers and Jacobson agreed to have a telephone discussion on Wednesday, November 15 in the afternoon – Mr. Jacobson never called. But then on November 20, Mr. Jacobson e-mailed Mr. Bowers that "I never heard from you last week on this." It is apparent that Mr. Jacobson and his client HSW still have not "gotten the message" that there must be full compliance on the Court's October 25 order, because the "game-playing" continues.

## ARGUMENT

**A.  Defendant HSW is in Violation of the Court's October 25 Order**

There is no dispute: HSW has not fully complied with the Court's October 25 order compelling its supplemental discovery responses. (ECF #185). HSW's own communication of November 9, 2023 reflects this fact. (Exhibit "C"). Additionally, this

8

communication reflects that "The discovery produced represents all documents that my client was able to collect to date. Based on the volume of documents that Plaintiff has requested, HS Wholesale continues to search for and collect additional responsive records. HS Wholesale anticipates making one or more supplemental productions, and will endeavor to make those productions on an expedited basis."

It is noteworthy that in not complying with the Court's order, HSW elected *not* to seek further clarification from the Court, even where Mr. Bowers encouraged Mr. Jacobson to do so both during a "meet and confer" and in writing. Moreover, it is additionally noteworthy that in not complying and indicating that further supplemental production would be forthcoming, HSW provided no further detail regarding what remains to be produced, whether it would include formal responses to PBD's requests, or when the HSW's responses might be considered "complete".

**B.   HSW is in Violation of FRCP 37**

In addition to HSW's violation of the Court's order, it is also in violation of FRCP 37.[1] Among the remedies provided for failure to comply with a court order, (subpart (b) of FRCP 37), a party's failure to obey an order to provide or permit discovery provides a basis for the Court to further order that: (b)(2)(A)(i) the matters embraced in the order or other designated facts be taken as established for the purposes of the action, as the prevailing party claims; (ii) the disobedient party is prohibited from supporting or opposing designated claims or defenses; (iii) the

---

[1] FRCP 37, subpart (4) states that "an evasive or incomplete disclosure, answer or response must be treated as a failure to disclose, answer, or respond."

disobedient party's pleadings may be stricken in whole or part; and/or (vi) that default judgment may be entered against the disobedient party.

Moreover, subpart (b)(2)(C) allows that instead of or in addition to the other relief which the Court can order, "…the court *must* order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." (Emphasis added).

Sanctions may be imposed where a party displays willfulness, bad faith, or fault. *Second Chance Body Armor, Inc. v. American Body Armor, Inc.,* 177 F.R.D. 633, 637 (N.D. Ill. 1998). For example, in *Brown v. Columbia Sussex Corp.,* the Seventh Circuit held that missed discovery deadlines and violated court orders established that the district court was within its discretion to find the plaintiff had acted willfully, in bad faith, or with fault and to dismiss the action under FRCP 37(b). 664 F.3d 182, 191 (7th Cir. 2011).

In *LM Ins. Corp. vo ACEO, Inc.,* 276 F.R.D. 592, 595 (N.D. Ill. 2011) the district court determined that a plaintiff was entitled to fees for having to file a motion to compel and where defendants' response was a thinly veiled, unpersuasive, conclusory attempt to reconsider court's prior ruling granting a motion to compel. Where a plaintiff continually requested information and defendants did not provide it, forcing plaintiff to expend time and money filing motions, and only after plaintiff filed motions did defendants produce documents, this is exactly the type of behavior

contemplated by FRCP 37's fee shifting provision. *Lorillard Tobacco Co. v. Elston Self Serv. Wholesale Groceries,* 259 F.R.D. 323, 328 (N.D. Ill. 2009).

Entering default judgment is severe in the spectrum of sanctions provided by FRCP 37, but it must be available to the district court in appropriate cases, not merely to penalize those who conduct may be deemed to warrant such sanction, but also to deter those who might be tempted to such conduct in absence of such deterrent. *In re Uranium Antitrust Litigation*, 473 F.Supp. 382, 390 (N.D. Ill. 1979), 1980 U.S. App. LEXIS 20437 (7th Cir. 1980). It was not an abuse of discretion to enter default judgment despite the fact that lesser sanctions had not been first tried unsuccessfully where defendants' refusal to comply with discovery orders clearly constituted contumacious conduct which caused 10 months' delay seriously prejudicing plaintiff's trial preparations. *United States v. Di Mucci,* 879 F.2d 1488, 1494 (7th Cir. 1989).

Here, the Court expects the parties to appear on November 28 to establish what is hoped to be a final schedule for completion of fact discovery. For months the Plaintiff has urged the Court to allow more time, in substantial part because both HSW and JLI have not fully furnished their *written* production responses, and taking depositions without having to revisit or retake depositions is not possible unless all the necessary documents are made available timely.

This latest instance of noncompliance further complicates, delays and frustrates the completion of discovery in this case and preparation for trial. The Court should not countenance the intentional conduct of HSW in refusing to comply with its order. An appropriate sanction is due against HSW.

## RELIEF SOUGHT

Refusing to agree to extend fact discovery, for over two years HSW has stonewalled on its discovery obligations, which required Plaintiff to seek relief from the Court. After that relief was granted and HSW was ordered to comply, counsel for HSW attempted to re-write the provisions of the Court's instructions by unilaterally changing what it would produce and when it would produce. This is impermissible, and a further indication that HSW is not acting in good faith. An adequate sanction is now appropriate. In light of the months of delay and continued refusal on the part of HSW to comply with the Court's clear instructions, PBD seeks a recovery of its fees and expenses, as well as an entry of default against HSW.

WHEREFORE, Plaintiffs respectfully ask this Court to order that due to Defendant HS WHOLESALE's violation of the Court's order of October 25, 2023 (ECF #185), it must pay PBD's fees and expenses in connection with bringing this Motion, and further that default judgment be entered against HSW, and for such other and further relief as the Court deems just and equitable.

Respectfully submitted,

/s/ Gary A. Grasso
By: Gary A. Grasso, Esq.
One of Plaintiffs' attorneys

Gary A. Grasso, Esq. (ARDC #3121760)
ggrasso@grassolaw.com
Adam R. Bowers, Esq. (ARDC #6277163)
abowers@grassolaw.com
GRASSO LAW, P.C.
38 S. Blaine Street, Suite 100
Hinsdale, IL 60521
(630) 654-4500

## **CERTIFICATE OF SERVICE**

The undersigned, being one of the attorneys of record in the above case, certifies that he caused a copy of the foregoing to be served upon opposing counsel of record via the Court's CM/ECF system on November 21, 2023.

          /s/    Adam R. Bowers
By:   Adam R. Bowers, Esq.