# EXHIBIT "A"

Tuesday, November 21, 2023 at 11:47:05 Pacific Standard Time

**Subject:** PBD v. JLI and HSW; followup and clarification re HSW's compelled production
**Date:** Friday, October 27, 2023 at 6:54:19 PM Pacific Daylight Time
**From:** Adam R. Bowers
**To:** Morsch, James A., Jacobson, Michael A.
**CC:** 'Loew, Lauren M.', mroberts@foley.com, Dedrickson, Kirsten R., Gary Grasso, James Harrison, Christen Korzyniewski

Dear Messrs. Morsch and Jacobson:

This communication follows Magistrate Gilbert's recent ruling in which our Motion to Compel HSW's response to Plaintiff's First and Second Supplemental Production Requests was granted. We are writing to provide some clarification as to our requests.

We ask that in responding to the First and Second Supplemental Production Requests, your responses address and correspond to each separate request, thirteen in all.

## First Supplemental Request

Request 1: seeks documents concerning HSW's sales of Juul products. Production should include all records concerning HSW's inventory of Juul products during the specified time periods, along with HSW's list, sales, and/or adjusted prices of each product (not *JLI's* prices), HSW's sales information and receipts from sales. This information should include all the regions that are at issue in Plaintiff's Second Amended Complaint.

Request 2: seeks essentially the same information as Request 1, except that it covers the entire United States. However, we withdraw this request.

Request 3: seeks communications between HSW principals and Juul principals concerning the regions that are at issue in Plaintiff's Second Amended Complaint.

Request 4: seeks essentially the same information as Request 3, except that it covers the entire United States. However, we withdraw this request.

**Second Supplemental Request**

Plaintiff's Second Supplemental Request refers back to Plaintiff's Initial Production Request, and identifies particular areas to which HSW did not previously adequately respond.

Request 1: seeks documents concerning Juul promotions that HSW was offered an opportunity to participate, or in fact did participate. It is not confined to any particular promotion or offer, applies to all classes of trade, and specifically seeks documents relating to "blue" and "gold" kit opportunities.

Request 2: seeks documents concerning rebates paid to HSW as part of the Sales Promotion Program, including but not limited to kit allocations, distributor events, trade shows, etc. A response to this request should include documents pertaining to HSW account reconciliation, including all orders, payments and credits (i.e., returns, refunds, rebates, and incentive payments), HSW inventory data and historical sales, its computerized records of same and any MSA/reporting data that it prepared or submitted.

Request 3: seeks documents concerning allocations of products provided to HSW and rebate information under the Sales Promotion

Program. HSW previously objected to this request when it was initially issued and produced nothing responsive to date. HSW must produce any policies and procedures (whether drafted as such or simply set forth in another communication) concerning how Juul determined or administered its allocations with respect to HSW, any swaps, shifts, supplemental, or re-allocation.

Request 4: seeks documents relating to JLI's product return policies and practices with respect to HSW within the relevant timeframe, and not limited in scope from the original request.

Request 5: seeks documents relating to HSW's product returns to JLI within the relevant timeframe, and not limited in scope from the original request. HSW should produce all documents relating to product returns to Juul, sufficiently setting forth dates and reasons for such returns. To the extent that there are versions, redlines, or negotiations pertaining to HSW's Distribution Agreement, those should also be produced pursuant to this Request.

Request 6: seeks documents relating to JLI policies or practices regarding payments, such as (by way of example) what terms HSW would be required to adhere to in order to remain eligible to participate in all of JLI's promotions and promotional pricing, within the relevant timeframe, and not limited in scope from the original request. HSW's response should also include all communications pertaining to such policies or practices.

Request 7: related to Request 6, and seeks documents relating to actual payments for services or facilities by JLI to HSW within the relevant timeframe, and not limited in scope from the original request. A proper response to this request should include documents regarding payments from JLI for services or facilities, including "in kind"

payments, and specifically including (but not limited to) signage, displays, special events such as tent sales, any outside third parties involved. This request also seeks any incentives or payments of any kind, including spiffs, flexible or discretionary funds, etc. This request also pertains to payments/incentives/benefits offered, given to or received by Mr. VanHoorebeck. If your response is that HSW neither paid, gave, or offered anything of any value (directly or indirectly) to Mr. VanHoorebeck, we request an affidavit executed by the person most knowledgeable attesting to that fact.

Request 8: related to Request 7, and seeks documents concerning incentives (and related) that concern any policies or procedures within the relevant timeframe, and not limited in scope from the original request. Any documents concerning the provisioning of signage, displays, or fixtures, or the use of a JLI "portal" should be included.

Request 9: seeks documents that refer to furnishing or accepting services to HSW, including marketing, merchandising or incentives, discrete promotions (blue and gold kits, for example), signage, events, third party involvement, inventives such as spiffs.

Request 10: seeks unredacted customer account detail schedules showing sales by product and dollar amount by date within the relevant timeframe, and not limited in scope from the original request. Customer account detail should be customer-by-customer and should be monthly. It is critical that dates of this information be included. This request would include any reports to JLI concerning sales or for the purpose of determining allocations, incentives, MSA, Excel, JLI forms, or any other data provided to JLI, etc.

Request 11: seeks date specific information about HSW's customers, its sub-distributors, resellers and retailers, such as account lists,

orders, and dates that HSW acquired customers. Customer account detail should be customer-by-customer and should be monthly. It is critical that dates of this information be included. HSW previously produced heavily redacted customer lists in which dates were not indicated. Such lists should be produced without redactions. Specifically, HSW000070-75 should be produced in unredacted form.

We hope this clarification assists HSW in formulating its responses. If you wish to discuss this further, please contact us.

Very truly yours,

**ARB**

Adam R. Bowers

abowers@grassolaw.com

Grasso Law, P.C.

38 S. Blaine Street, Suite 100, Hinsdale, IL 60521

(630) 654-4500 office

(530) 370-9234 iPhone

Thank you for considering the environmental impact of printing emails.

This message, including attachments, is covered by the Electronic Communication Privacy Act, 18 U.S.C., sections 2510-2521, is CONFIDENTIAL and may also be protected by ATTORNEY/CLIENT PRIVILEGE. If you believe you received this e-mail in error, do not read it. If you are not the intended recipient, you are hereby notified that any retention, dissemination, distribution, or copying of this communication is strictly prohibited. If the reader of this message is not the intended recipient, I did not intend to waive and do not waive any privileges or confidentiality of this message or the attachments. Please reply to the sender that you have received the message in error, then delete it. Thank you.

# EXHIBIT "B"

Tuesday, November 21, 2023 at 11:47:53 Pacific Standard Time

**Subject:** Re: PBD v. JLI and HSW; followup and clarification re HSW's compelled production
**Date:** Thursday, November 2, 2023 at 5:16:34 PM Pacific Daylight Time
**From:** Adam R. Bowers
**To:** Jacobson, Michael A., Morsch, James A.
**CC:** 'Loew, Lauren M.', mroberts@foley.com, Dedrickson, Kirsten R., Gary Grasso, James Harrison, Christen Korzyniewski

Mike:

This communication follows our fairly lengthy "meet and confer" call yesterday in which we discussed our e-mail below to you which attempted to outline some parameters for compliance with Magistrate Gilbert's 10/25 order. We note that in the intervening time, you have now served upon PBD (a) a supplemental production request, (b) supplemental interrogatories, and (c) an 8-page letter outlining PBD's purported "discovery deficiencies".

This is surprising to us, because when you and I spoke yesterday, among the items we discussed was that as to HSW producing sales records, you indicated you did not have adequate "manpower" to provide complete responses by November 9. You indicated you would need to "review everything first before producing it" and would only be able to deliver "summaries" by the deadline. You asked me to agree to allow HSW to produce the remainder at a later time, and I declined to agree.

So, now we understand that rather than applying your available resources to complying with Magistrate Gilbert's order, you were and are creating new issues and attempting to divert attention away from HSW's own deficiencies. You even, absurdly, ask us to provide everything outlined in your letter "in seven days, by November 9, 2023", which happens to be *your* Court-imposed discovery deadline.

The purpose of *this* communication is to make exceedingly clear, in writing, what I indicated to you yesterday: HSW's discovery responses have been *ordered* by Magistrate Gilbert on a Motion to Compel, after months in which you have stonewalled every attempt by us to resolve these issues expediently. In all that time, and for more than a year since we filed our Second Amended Complaint, you have undertaken no meaningful effort at resolving the "discovery deficiencies" outlined in your letter of today; only when *HSW* has been compelled to answer do you raise these matters.

Please be advised that as we indicated below, and as I repeated to you yesterday, we expect full, complete, and comprehensive responses by the court-ordered deadline of November 9. We expect your responses to scrupulously comply both with the identified date ranges *and* specified scope. It is not for you to decide that something should not be produced because it "does not go to PBD's damages."

We do not agree that you may adjust dates (such as curtailing the date range to April

2019 instead of all of 2019). We do not agree that you can decide what is relevant or not, or use such determinations as a basis for deciding not to produce responsive documents. We will take all such deficiencies to Magistrate Gilbert, and you can explain why you feel it is appropriate to disregard his clear directions.

And moreover, as I stated on our call, if you wish to ask the Court to clarify its ruling by a motion, you should do so. We are confident that our requests are appropriate, and believe that Magistrate Gilbert's ruling is already the strongest indication of that. If HSW does not comply with the Court's directions and order, *we* will bring a motion for rule to show cause.

Finally, you asked me to identify who we consider to be HSW "principals". They are: Hammad Ahmad (President), Mark Dohse (Dir of Purchasing and Distribution Sales), Nishesh Rajbhandari (Accounting Manager), and Christine Rogowski (Executive Account Manager).

We will further respond to your supplemental requests and letter of today in due course, timely; but these will not divert attention from HSW's own compliance which is long overdue.

Very truly yours,

**ARB**

Adam R. Bowers
abowers@grassolaw.com
Grasso Law, P.C.

---

**From:** Jacobson, Michael A. <michael.jacobson@saul.com>
**Date:** Monday, October 30, 2023 at 11:25 AM
**To:** Adam R. Bowers <abowers@grassolaw.com>, Morsch, James A. <jim.morsch@saul.com>
**Cc:** 'Loew, Lauren M.' <LLoew@foley.com>, mroberts@foley.com <MRoberts@foley.com>, Dedrickson, Kirsten R. <kirsten.dedrickson@foley.com>, Gary Grasso <ggrasso@grassolaw.com>, James Harrison <walkerharrison@rogers.com>, Christen Korzyniewski <ckorzyniewski@grassolaw.com>
**Subject:** RE: PBD v. JLI and HSW; followup and clarification re HSW's compelled production

Adam,

Thank you for the e-mail below. I am not following all of the clarification items below, but I am available tomorrow afternoon to discuss by phone. Please advise as to your availability.

**2 of 7**

# EXHIBIT "C"

Tuesday, November 21, 2023 at 11:49:33 Pacific Standard Time

| | |
|---|---|
| **Subject:** | PBD v. Juul and HS Wholesale |
| **Date:** | Thursday, November 9, 2023 at 6:28:55 AM Pacific Standard Time |
| **From:** | Jacobson, Michael A. |
| **To:** | Gary Grasso, Adam R. Bowers, James Harrison |
| **CC:** | Morsch, James A., Loew, Lauren M, McKeown, Jim, Roberts, Mason D., Mazzocco, Elizabeth P. |
| **Attachments:** | image001.png, image002.png, image003.png, image004.png, image005.png |

Adam and Gary,

In connection with Plaintiff's discovery requests and Adam and my phone discussion last week, HS Wholesale made a supplemental production on November 8. The supplemental production contains a summary of all sales of Juul starter kits and basis kits in Illinois, California, Arizona, Nevada, Texas, New York, Pennsylvania, Michigan, Wisconsin, Indiana, Florida, Georgia, and South Carolina, the states Plaintiff has identified as states in which its competes with HS Wholesale. HS Wholesale has provided individual invoices supporting those sales. HS Wholesale has agreed to produce the invoices in an unredacted form showing all sales of any Juul products to that customer in each invoice. HS Wholesale further reproduced certain documents from prior productions and unredacted information pertaining to the foregoing states. HS Wholesale also produced additional e-mail documents requested by Plaintiff in its discovery requests.

The discovery produced represents all documents that my client was able to collect to date. Based on the volume of documents that Plaintiff has requested, HS Wholesale continues to search for and collect additional responsive records. HS Wholesale anticipates making one or more supplemental productions, and will endeavor to make those productions on an expedited basis. Further, while HS Wholesale does not believe they are relevant, HS Wholesale is agreeing to produce its sales records of Juul products through December 31, 2019 in the foregoing states. In light of the timing of the production, we prioritized documents in this supplemental production to cover the period from January 1, 2018 through April 30, 2019. Sales through the end of 2019 will be made to you in a supplemental production.

Thank you,



**Michael Jacobson**
Partner
📞 (312) 876-7121   📱 (847) 997-3313
✉ michael.jacobson@saul.com

**Read my bio** >>

161 North Clark
Suite 4200



Chicago, IL 60601

"Saul Ewing LLP (saul.com)" has made the following annotations:
+~~~~~~~~~~~~~~~~~~~~~~~~+

This e-mail may contain privileged, confidential, copyrighted, or other legally protected information. If you are not the intended recipient (even if the e-mail address is yours), you may not use, copy, or retransmit it. If you have received this by mistake please notify us by return e-mail, then delete.

+~~~~~~~~~~~~~~~~~~~~~~~~+

# EXHIBIT "D"

**Tuesday, November 21, 2023 at 11:50:03 Pacific Standard Time**

| | |
|---|---|
| **Subject:** | PBD v. Juul and HS Wholesale: HSW supplemental production of 11/8 |
| **Date:** | Friday, November 10, 2023 at 4:09:53 PM Pacific Standard Time |
| **From:** | Adam R. Bowers |
| **To:** | Jacobson, Michael A. |
| **CC:** | Morsch, James A., Loew, Lauren M, McKeown, Jim, Roberts, Mason D., Mazzocco, Elizabeth P., James Harrison, Gary Grasso |
| **Attachments:** | image001.png, image002.png, image003.png, image004.png, image005.png |

Mike:

We are in receipt of the files you produced and referenced in your e-mail below of yesterday, which we are in the process of reviewing.

Based upon your e-mail, what we are given to understand is that despite Magistrate Gilbert's order of compliance, and our previous communications insisting upon full compliance, HSW has only produced thus far (a) "summary of all sales" (b) of Juul starter kits and basic kits. We stated to you last week that this would not be acceptable. You have also indicated that more documents are forthcoming in response to our requests, without setting forth a timeline within which we can expect a complete production.

We must conclude that it will be necessary to obtain further relief from the Court, as soon as we have fully catalogued the production to date.

As you continue to gather and produce documents, if you are ordering the production in terms of prioritize, please focus first on Arizona and Texas vis a vis regions.

We are open to further discussion in a "meet and confer" if you believe it might be fruitful.

Yours,

**ARB**


Adam R. Bowers
abowers@grassolaw.com
Grasso Law, P.C.
38 S. Blaine Street, Suite 100, Hinsdale, IL 60521
(630) 654-4500 office
(530) 370-9234 iPhone


Thank you for considering the environmental impact of printing emails.
This message, including attachments, is covered by the Electronic Communication Privacy Act, 18 U.S.C., sections 2510-2521, is CONFIDENTIAL and may also be protected by ATTORNEY/CLIENT PRIVILEGE. If you believe you received this e-mail in error, do not read it. If you are not the intended recipient, you are hereby notified that any retention, dissemination,