IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| POWER BUYING DEALERS USA, INC., a Delaware corporation, | |
| Plaintiff, | No. 21 C 3154 |
| v. | Jeffrey T. Gilbert<br>United States Magistrate Judge |
| JUUL LABS, INC., a Delaware corporation, and HS WHOLESALE, LIMITED, an Illinois corporation, | |
| Defendants. | |

## ORDER

  This matter is before the Court on Plaintiff Power Buying Dealers USA, Inc.'s ("PBD's") Motion for Protective Order Concerning Subpoena Issued to Plaintiff's CPA and the Application of the "Accounting Privilege" [199] ("Motion for Protective Order"). For the reasons discussed below, the Motion for Protective Order is denied.

  Defendant Juul Labs, Inc. ("JLI") served a third-party subpoena on Ezzy & Associates, PBD's accountant, on October 6, 2023, seeking financial records and a deposition. Mariam Ezzy is the principal of Ezzy & Associates (together referred to as "Ezzy"), and she is a certified public accountant who has provided accounting services for PBD. Ezzy retained PBD's counsel to represent them for purposes of responding to JLI's subpoena. Ezzy has produced some financial records pursuant to JLI's subpoena, including PBD's financial statements and federal tax returns for the relevant years at issue in this case. Ezzy, however, has refused to produce other records and documents and also seeks to limit the scope of Ms. Ezzy's deposition based on the assertion of an accountant-client privilege arising under the Illinois Public Accounting Act, 225 ILCS 450/27.

  In response, JLI argues the accountant-client privilege does not apply in this case because federal law does not recognize an accountant-client privilege, and the privilege PBD and Ezzy seek to assert arises only under state law and cannot be asserted in a case arising under federal law. The parties met and conferred about the applicability of the accountant-client privilege, and they are at an impasse. The parties agreed to postpone Ms. Ezzy's deposition and the production of additional documents so that PBD and Ezzy could seek guidance from this Court regarding the

1

applicability of the accountant-client privilege in this case. PBD and Ezzy filed the instant Motion for Protective Order [199]. It is fully briefed and ripe for decision.[1]

The accountant-client privilege that PBD and Ezzy seek to invoke is an Illinois statutory privilege that applies to claims arising under Illinois state law. PBD and Ezzy do not dispute this. Motion for Protective Order [199], at 4. It also is not disputed that PBD only asserts claims in this case arising under federal law (the Robinson Patman Act) and no claim based on Illinois state law. *Id.* at 6. The law is clear, and the Seventh Circuit has continually re-affirmed as a longstanding principle, that "[t]here is no accountant-client privilege" in a case where only federal law applies substantively. *See In re Grand Jury Proceedings*, 220 F.3d 568, 571 (7th Cir. 2000). PBD and Ezzy acknowledge that "when discovery is relevant to federal claims, the Illinois accountant privilege will not be recognized." Motion for Protective Order [199], at 6. Because it is undisputed that PBD's claims in this case arise under federal law, the accountant-client privilege does not apply in this case. Therefore, JLI can seek documents and elicit testimony from Ezzy, and Ezzy cannot refuse to produce relevant and responsive documents or answer relevant questions at her deposition, based on the assertion of an accountant-client privilege as no such privilege exists under federal law.

PBD and Ezzy, however, assert an alternative argument that the accountant-client privilege should be applied to narrow the scope of JLI's subpoena for documents and testimony. Specifically, PBD and Ezzy argue the Court has discretion to "balance the equites to assure that the accounting privilege is respected where circumstances warrant" and the accountant's privilege "should be preserved as it pertains to other confidential matters and communications that are beyond the scope of the federal claims at issue." PBD's Reply [207], at 1-2, 6. The Court is not persuaded by this alternative argument. PBD and Ezzy do not cite any case that requires, let alone suggests, that a federal court should balance equities to assure that a state law privilege not applicable in cases arising under federal law is respected or preserved when evaluating whether discovery, in this case a third-party subpoena, is overbroad or seeks information that is not relevant or proportional to the claims and defenses in a federal case. It is unclear what equities PBD and Ezzy want the Court to balance particularly when federal law does not recognize any accountant-client privilege. Moreover, to the extent any of the documents Ezzy will produce are confidential, the parties agreed to, and the Court entered, a Confidentiality Order [41] in this case to guard against the public disclosure of confidential information.

This Court is guided by Rules 26 and 45 of the Federal Rules of Civil Procedure in determining the proper scope of third-party discovery sought in this case. JLI says that it seeks the production of relevant financial records and

---

[1] The Court notes, and PBD acknowledges, that the accountant-client privilege belongs to Ezzy as PBD's accountant and not to PBD. Motion for Protective Order [199], at 4.

documents, and it seeks to take the deposition of Ms. Ezzy, related to both liability and damage issues relevant to PBD's federal claims. JLI says that PBD has produced a limited number of financial statements and that PBD's principal and Rule 30(b)(6) designee, Sam Odeh, was not able to testify completely about PBD's financial records. Rather, Mr. Odeh said that Ezzy prepared the financial statements and tax returns and that questions about them should be directed to the accountants. JLI's Response Brief [203], at 8 (citing Mr. Odeh's deposition testimony). Neither PBD nor Ezzy dispute JLI's characterization of Mr. Odeh's testimony, and as PBD and/or Ezzy state in the Motion for Protective Order, "There is no objection to Ezzy testifying regarding the general accounting services provided to PBD through the subject year, nor the financial statement or tax returns it prepared, nor the facts concerning the freezing of Sam Odeh's and PBD's bank accounts in or around 2018." Motion for Protective Order [199], at 3.

Beyond the relevance of PBD's accountant's testimony on damages issues, JLI also contends that Ezzy likely has relevant information on liability issues as well. In its response to the Motion for Protective Order and based on discovery it has received to date, JLI argues that PBD lost sales, among other reasons, due to its significant financial problems — including over $10 million in debt that prevented PBD from purchasing JLI products for four months, an alleged theft by a former PBD employee/distributor that cost PBD more than $3.5 million, and the freezing of PBD's and Mr. Odeh's bank accounts as a result of PBD conducting millions of dollars in bank transactions in cash — and not because JLI allegedly employed discriminatory rebate, return, and promotional practices that resulted in antitrust injury as PBD alleges. JLI's Response Brief [203], at 2. These factual issues undoubtedly will be disputed on summary judgment and, if necessary, at trial. As quoted above, PBD and Ezzy do not object to Ezzy testifying about at least some of this information.

Finally, PBD and Ezzy raise but do not develop in their Motion for Protective Order an argument that the scope of JLI's subpoena is too broad even if the accountant-client privilege does not apply in this case and despite their concession that Ezzy may have some relevant information. For example, they appear to argue that a request for "all communications" between identified individuals "that relate to PBD and its affiliated businesses" in JLI's subpoena rider is overbroad and burdensome. JLI's Subpoena and Rider [ECF No. 199-1]. PBD and Ezzy may be correct that a request for "all communications" is overbroad if it is not tethered to specific subject matters. But neither party develops this issue in their briefs. Without more context from the parties, the Court will not delve into undeveloped arguments about relevance, overbreadth, or burden, and it cannot decide the issue on the record before it.

Further, it is not clear that the parties have completed the Local Rule 37.2 meet and confer process about the particulars of JLI's subpoena and documents JLI

3

is seeking and what documents Ezzy will produce. In fact, it seems they have not.[2] If more discussions need to occur, the parties promptly should attend to those discussions. If any disputes remain, PBD or JLI can, if necessary, seek appropriate relief from the Court although the Court is confident the parties can resolve any issues themselves with the guidance provided in this Order.

For the reasons discussed in this Order, Plaintiff's Motion for Protective Order Concerning Subpoena Issued to Plaintiff's CPA and the Application of the "Accounting Privilege" [199] is denied.

It is so ordered.

Jeffrey T. Gilbert
United States Magistrate Judge

Dated: February 9, 2024

---

[2] In its response, JLI noted that on December 18, 2023, it proposed search terms to PBD in an effort to narrow the volume of Ezzy communications for review, but the parties did not meet and confer regarding relevance or burden objections. JLI's Response Brief [203], at 4 n. 5. PBD does not address this in its reply brief.