IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| POWER BUYING DEALERS USA, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>JUUL LABS, INC., a Delaware corporation, and HS WHOLESALE, LIMITED, an Illinois corporation,<br><br>Defendants. | Case No. 1:21-cv-3154<br><br>Judge Sharon J. Coleman<br><br>Magistrate Judge Jeffrey T. Gilbert |

## JOINT STATUS REPORT

Pursuant to the February 9, 2024 Order entered by Magistrate Judge Jeffrey Gilbert (Dkt. 212), Plaintiff Power Buying Dealers USA, Inc. ("PBD") and Defendants Juul Labs, Inc. ("JLI") and HS Wholesale, Limited ("HS Wholesale") submit the following joint status report regarding the status of the remaining fact witness depositions. The parties are also undergoing meet and confers regarding recent discovery responses, including to RFAs and Interrogatories issued by JLI and RFAs issued by PBD.

**I.      Remaining Fact Witness Depositions to Be Taken by Defendants.**

Defendants have deposed all witnesses that are parties to the case or are current employees of parties where Defendants sought a deposition. Additionally, Defendants have taken the third-party depositions of Huckster, Inc., McKee Distributing, Kevin Cook, and Jay Patel. In total, Defendants have taken eight depositions to date. Defendants intend to take the following additional depositions before the close of fact discovery:

- **Mariam Ezzy/Ezzy & Associates LLC**: JLI issued a subpoena for deposition on October 9, 2023. After meet and confer discussions between counsel, PBD filed a motion seeking a protective order with respect to Ms. Ezzy's deposition (Dkt. 199), including a request

that the Court determine the scope, if any, of PBD's claim of accountant-client privilege. The parties completed the briefing for that motion on January 3, 2024 (Dkts. 202 & 207). On February 9, 2024, the Court denied PBD's motion (Dkt. 211). PBD intends to produce documents in response to JLI's subpoena early next week and will offer dates for Ms. Ezzy's deposition for late February and early March.

- **Abe Baba**: Mr. Baba's deposition was previously scheduled for December 14, 2023, subject to timely production of documents by Mr. Baba. On December 12th, PBD's counsel informed JLI that Mr. Baba would likely be unable to produce documents responsive to the subpoena in sufficient time for a December 14th deposition to go forward. JLI is awaiting new dates from PBD's counsel, who is representing Mr. Baba. On February 6, 2024 PBD produced an affidavit from Mr. Baba.

- **Amin Nemeh**: On February 8, 2024, PBD's counsel produced an affidavit from Mr. Nemeh. On February 15, 2024, JLI served Mr. Nemeh with a subpoena for his deposition with a tentative deposition date of February 28, 2024 at 9 am CT. JLI provided Notice of Service of that subpoena to PBD and HS Wholesale on February 16, 2024.

- **Sam Odeh**: Counsel for HS Wholesale requests the deposition of PBD's principal, Sam Odeh, in his individual capacity. Counsel for PBD has represented to counsel for HS Wholesale that PBD will make Mr. Odeh available for said deposition.

- **Lara Odeh**: Ms. Odeh was an employee of PBD during the time period that is at issue in this lawsuit. Based on documents produced by PBD, Ms. Odeh likely has information pertaining to PBD's business operations, practices, and customer/vendor relationships.[1]

## II. Remaining Fact Witness Depositions to Be Taken by PBD.

- From JUUL LABS[2]:

    o **Tim Danaher**: Mr. Danaher's deposition commenced on February 16 at 11 am CT.

    o **Kevin Cooke**: Mr. Cooke's deposition has been scheduled for February 26 at 1 pm CT.

    o **Bob Robbins**: JLI has proposed February 29 at 10 am CT for Mr. Robbins's deposition and is awaiting a response from PBD.

    o **JLI Human Resources Deponent**: JLI has proposed a remote deposition of a JLI human resources deponent on February 23 after 12 pm CT and is awaiting a response from PBD.

---

[1] Plaintiff notes it objection to this deposition request and will deliver an affidavit regarding lack of knowledge and participation as to this requested deposition.
[2] JLI notes that the first three individuals listed below are all former JLI employees.

4856-5143-6453.4

- From HS WHOLESALE:

    - **Mark Dohse**: PBD has proposed February 26 for Mr. Dohse's deposition. HS Wholesale will produce Mr. Dohse on February 26 or another mutually agreeable date to all parties and the witness.

    - **Hammad Ahmad**: PBD has proposed February 27 or 28 for Mr. Ahmad's deposition, in his individual capacity. HS Wholesale will produce Mr. Ahmad on the foregoing dates, or another mutually agreeable date to all parties and the witness.

- Third parties:

    - **Jeff Panfil**: Mr. Panfil is a former PBD employee. On February 13, 2024, PBD issued a subpoena for Mr. Panfil's deposition with a tentative deposition date of March 7 at 10 am CT.

    - **Mujihad "Abu Ferris" Ziyad**: On February 8, 2024, PBD issued a subpoena for Mr. Ziyad's deposition with a tentative deposition date of February 21 at 10 am CT.

    - **Nour Al Zubaidi**: On February 8, 2024, PBD issued a subpoena for Mr. Zubaidi's deposition with a tentative deposition date of February 21 at 1 pm CT.

### III. Expert Discovery Schedule

**Plaintiff's Position**: The setting of an expert discovery schedule is premature. A schedule should not be set unless it is clear that it is practical and feasible and the parties have had an opportunity to confer. Moreover, the Court, in ordering the filing of this joint status report, did not direct the Parties to propose an expert schedule at this time. The fact that the Parties previously and prematurely proposed an expert discovery schedule last November underscores that it is premature now. The issue is not "delay"; rather, setting an expert schedule now (in which Defendants' proposed affords only 30 days for Plaintiff's disclosures) facilitates Defendants' avoidance of their production obligations which would unfairly prejudice Plaintiff when there are outstanding discovery requests pending based upon materials identified and requested by Plaintiff's consulting experts especially financial documents specifically requested

3

such a general ledgers, balance sheets, etc. which are available and requested by Plaintiffs' financial experts and confirmed by JLI's former CFO at his deposition today as being readily available to JLI for production. Moreover, Plaintiff needs to confer with its experts to determine how much time they will require to complete their review of depositions (some of which, as indicated in this report, have yet to be taken) and evidence in this case. Some of the materials Plaintiff's experts will be relying upon has yet to be produced. Thus, Plaintiff proposes that rather than adopting an expert schedule now, that the parties hold a meet and confer regarding an expert discovery deadline prior to setting a discovery schedule; this meet and confer can take place either before or after the March 8 cutoff, so long as Plaintiff's counsel has had the opportunity to properly consult with Plaintiff's experts. Plaintiff acknowledges that this case needs to make progress in order to reach the point of having fruitful settlement discussions; Plaintiff is committed to moving as quickly as possible so long as its experts have adequate time to formulate their opinions and so long as Defendants produce timely.

**Defendants' Position**: Defendants request that the Court enter an expert discovery schedule. Defendants are willing to meet and confer about the expert discovery schedule with Plaintiff but believe that schedule needs to be set now rather than after the close of fact discovery. Waiting to set an expert discovery schedule until after fact discovery closes will merely delay progress rather than move the case forward. At the November 28, 2023 status conference, all parties agreed that a date certain was needed for the close of fact discovery and all parties agreed to make that deadline February 9, 2023. *See* Dkt. 193 (minute entry summarizing that conference). In light of a trial for one of Plaintiffs' counsel, Defendants agreed to an extension of the time to take depositions as a professional courtesy. The Court has set, at Plaintiff's request, a new date certain for the close of fact discovery: March 8, 2024. That date should not be changed. This

4

case needs an expert discovery schedule set and JLI reiterated that position to PBD's counsel in a meet and confer call a week ago, on February 9, 2024. There is no reason to continue to delay setting an expert schedule. Moreover, Defendants disagree that they have avoided any production obligations or are required to produce any additional financials beyond those already produced.

The parties previously submitted proposed expert discovery schedules to the Court in the November 1, 2023 Joint Status Report. In that prior report, both parties proposed that Plaintiff's expert reports be due roughly 30 days after the proposed mediation deadlines and Defendants also proposed deadlines for their expert reports and Plaintiff's rebuttal reports. Defendants' updated proposed schedule for expert discovery—which tracks Defendants' prior proposal but substitutes the new fact discovery deadline for the old proposed mediation deadline—is below:

- **March 8, 2024**: Fact discovery deadline.
- **April 8, 2024**: Deadline for PBD to file any expert disclosures and report.
- **May 24, 2024**: Deadline for Defendants to file any expert disclosures and reports.
- **June 21, 2024**: Deadline for PBD to file any rebuttal expert disclosures and reports.

Dated: February 16, 2024

| | | |
|---|---|---|
| **Power Buying Dealers USA, Inc.**<br>By: */s/ Gary Grasso*<br>Grasso Law, PC<br>38 Blaine Street, Suite 100<br>Hinsdale, IL 60521<br>630-654-4500<br>ggrasso@grassolaw.com<br>abowers@grassolaw.com | By: */s/ James Harrison*<br>Walker Harrison, PLLC<br>2511 Bloor Street West, Suite 410<br>Toronto, Ontario Canada M6S 5A6<br>walkerharrison@rogers.com | |

5

| | | |
|---|---|---|
| **Juul Labs, Inc**.<br><br>By: */s/ Mason D. Roberts*<br><br>James T. McKeown<br>Kirsten R. Dedrickson<br>Foley & Lardner LLP<br>777 E. Wisconsin Ave.<br>Milwaukee, WI 53202<br>(414) 271-2400<br>jmckeown@foley.com<br>kirsten.dedrickson@foley.com<br><br>Lauren M. Loew<br>Mason D. Roberts<br>Foley & Lardner LLP<br>321 N. Clark Street, St. 3000<br>Chicago, IL 60654<br>(312) 832-4500<br>lloew@foley.com<br>mroberts@foley.com | **HS Wholesale, Limited**<br><br>By: */s/ Michael A. Jacobson*<br><br>Michael A. Jacobson<br>Saul Ewing Arnstein & Lehr LLP<br>161 North Clark Street<br>Suite 4200<br>Chicago, IL 60601<br>michael.jacobson@saul.com | |

6

## CERTIFICATE OF SERVICE

I, Mason D. Roberts, an attorney, certify that on February 16, 2024, I caused the foregoing **Joint Status Report** to be filed with the Clerk of the Court using the CM/ECF system for the District Court of the Northern District of Illinois.

*/s/ Mason D. Roberts*
Mason D. Roberts