UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| POWER BUYING DEALERS USA, INC., CR@ZY US, LLC, and POWER ENERGY CORPORATION, | ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. 21 CV 03154 |
| v. | ) ) | Judge Sharon Johnson Coleman |
| JUUL LABS, INC., and HS WHOLESALE, LIMITED, | ) ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Plaintiff Power Buying Dealers USA, Inc.'s ("PBD") motion for leave to file a third amended complaint ("TAC") against Defendants Juul Labs, Inc. ("Juul Labs") and HS Wholesale, Limited ("HSW") [225]. For the following reasons, the Court grants in part and denies in part PBD's motion.

**I.     Background**

PBD initiated this action on June 11, 2021. (Dkt. 1.) Throughout the pendency of this litigation, PBD has alleged that Juul Labs violated the Robinson-Patman Act, 15 U.S.C. § 13, by engaging in unlawful and anticompetitive price discrimination in the relevant market of northern Illinois by offering a greater allocation of certain e-cigarette products for which rebates were payable to HSW, one of PBD's competing distributors. (*See* Dkt. 112 ¶¶ 50–52, 106–110.) PBD also alleges that Juul Labs furnished credits to favored distributors, thereby enabling those distributors to provide promotional items to the favored distributors' retail customers. (*Id.* ¶ 127.) One such favored

1

distributor was HSW, which PBD alleges knowingly received the unlawful price discrimination in violation of the Robinson-Patman Act. (*Id.* ¶¶ 155, 160.)

The Court has amended the discovery schedule several times throughout this litigation. After PBD's filing of two amended complaints, fact discovery closed on March 8, 2024, (Dkts. 212, 217), although the Court permitted the taking of depositions through April 4, 2024 without extending the formal fact discovery deadline. (Dkts. 218, 220.) The Court then set a September 2, 2024 deadline for completion of expert discovery, ordering that PBD and Defendants serve their Rule 26(a)(2) disclosures by June 14, 2024 and July 29, 2024, respectively, and that PBD serve its rebuttal expert disclosures and reports by August 19, 2024. (Dkt. 222.)

On June 14, 2024, PBD timely filed its Rule 26(a) disclosures, identifying two experts and serving both experts' reports. (Dkts. 223, 224.) On June 18, 2024—two business days after PBD served its expert reports and more than three months after the close of fact discovery—PBD filed the instant motion for leave to file a TAC. (Dkt. 225.) The proposed TAC adds one count against both Defendants, raising for the first time in this case a violation of the Sherman Act for allegedly engaging in a vertical price-fixing conspiracy, and removes Count IV charging Defendant JUUL Labs with violating Section 13(e) the Robinson-Patman Act. The parties disagree on the characterization of the remaining amendments: PBD claims that its addition of detailed facts merely further develops those that have been the subject of the Robinson-Patman claims for years and allows conformance of the pleadings to the proofs, while Defendants argue that PBD's injection of new facts constitutes an untimely and prejudicial expansion of the temporal scope and scope of products at issue under the Robinson-Patman claim. (Dkt. 244 at *4; Dkt. 247 at *2.)

All discovery has been stayed until resolution of the instant motion.

2

## II. <u>Legal Standard</u>

Under Federal Rule of Civil Procedure 15(a)(2), absent written consent from opposing counsel, a party must seek leave of court in order to amend its complaint. Fed. R. Civ. P. 15(a)(2). Although leave to amend is "freely given when justice so requires," it is not an absolute right. *Forman v. Davis*, 371 U.S. 178, 182 (1962) (quoting Fed. R. Civ. P. 15(a)(2)). District courts have discretion to deny leave to amend "where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or where the amendment would be futile." *MAO-MSO Recovery II, LLC v. State Farm Mutual Auto. Ins. Co.*, 935 F.3d 573, 582 (7th Cir. 2019). Two of the most important factors to consider are delay and prejudice. *See Chavez v. Ill. State Police*, 251 F. 3d 612, 632–33 (7th Cir. 2001).

It is well established in this Circuit that "[d]elay, standing alone, may prove an insufficient ground to warrant denial of leave to amend the complaint; rather, the degree of prejudice to the opposing party is a significant factor in determining whether the lateness of the request ought to bar filing." *Dubicz v. Commonwealth Edison Co.*, 377 F.3d 787, 792 (7th Cir. 2004) (citations omitted). "Undue delay is most likely to result in undue prejudice when a combination of factors—delay in proceedings without explanation, no change in the facts since filing of the original complaint, and new theories that require additional discovery—occur together." *McDaniel v. Loyola Univ. Med. Ctr.*, 317 F.R.D. 72, 77 (N.D. Ill. 2016) (Dow, Jr., J.) (citations omitted) (quoting *J.P. Morgan Chase Bank, N.A. v. Drywall Serv. & Supply Co.*, 265 F.R.D. 341, 347 (N.D. Ind. 2010)). While the need for additional discovery as a result of allowing a proposed amendment is not by itself grounds to deny leave to amend, *Carlson v. Northrop Grumman Corp.*, 2014 WL 5334038, at *3 (N.D. Ill. Oct. 20, 2014) (Valdez, J.), undue prejudice may exist when a proposed amendment "would require expensive and time-consuming new discovery[.]" *A. Cherney Disposal Co. v. Chicago & Suburban Refuse Disposal Corp.*, 68 F.R.D. 383, 385 (N.D. Ill. 1975) (Austin, J.).

**III.     Discussion**

PBD seeks to incorporate two broader categories of amendments into its pleading: the first which concerns the addition of factual allegations pertinent to the Robinson-Patman claims, and the second which relates to a new count under Section 1 of the Sherman Act. Before analyzing each category in turn, the relevant standard should be discussed. Defendants argue that because deadlines, including a prior December 30, 2021 deadline to amend the complaint (Dkt. 55), will need to be reset if the motion to amend is granted, the Court should begin its analysis with Rule 16's heightened good-cause standard, which focuses on the diligence of the party seeking amendment rather than the prejudice to the nonmoving party. *See Peters v. Wal-Mart Stores E., LP*, 512 Fed. Appx. 622, 627–28 (7th Cir. 2013); *Centurylink Commc'ns, LLC v. Peerless Network, Inc.*, 2020 WL 11647819, at *2 (N.D. Ill. Mar. 27, 2020) (Coleman, J.). But here, the Court's operative scheduling order specifies no deadline by which to amend, and the minute order Defendants cite (Dkt. 55) established a deadline that was superseded by subsequent scheduling orders, including the Court's order granting leave to file a motion seeking leave to file a second amended complaint by August 19, 2022.[1] (Dkt. 109.) Because the Court has not set an operative deadline by which to amend the pleadings, and because expert discovery has been stayed pending the resolution of this motion, the Court declines to apply Rule 16. *See Jones v. DuPage Cty. Sheriff's Office*, 2018 WL 6398925, at *2 (N.D. Ill. Dec. 6, 2018) (Gottschall, J.); *Anderson v. City of Rockford*, 2016 WL 748823, at *2 (N.D. Ill. Feb. 5, 2016) (Johnston, J.).

We now analyze PBD's categories of proposed amendments under Rule 15(a)(2). First, PBD seeks to add allegations regarding "pods"—products used to refill vaping devices—to its existing Robinson-Patman claims, including events outside of the three promotions that PBD's prior operative

---

[1] Furthermore, the cases Defendants cite are distinguishable: in five of those cases, the Court had imposed deadlines by which to amend the pleadings (which is absent here), and in the remaining case, the plaintiffs sought to amend their complaint just over one month prior to trial. Here, no such deadlines for amendments to pleadings or trial have been set.

4

complaints cited. Defendants argue that this constitutes an improper expansion of the scope of products at issue and relevant time period because reference to "a limited number of products" in prior operative complaints related to vaping "kits," not pods. (Dkt. 244 at *2.) Although PBD acknowledges that its initial complaint focused on vaping kits, it claims that Defendants' production of documents about pods beginning in September 2023 "uncovered the unknown pod sales detailed in the TAC[.]" (Dkt. 247 at *2.)

We find that PBD's proposed amendments concerning alleged price discrimination with respect to pods are consistent with its prior pleadings. Our review of the proposed TAC reveals that these allegations do not comprise new, distinct claims, but rather relate to the claims set forth in PBD's prior operative complaints. Indeed, each operative complaint has alleged price discrimination with respect to "JUUL devices *and other JUUL products*." (*E.g.*, Dkt. 1 ¶¶ 84, 86, 99 (emphasis added); Dkt. 52 ¶¶ 86, 88, 106 (emphasis added); Dkt. 112 ¶¶ 86, 88, 106 (emphasis added).) PBD was free to undertake discovery regarding those "other JUUL products," and now seeks to conform the pleadings to its findings as a result of discovery. While PBD has no obligation to amend its complaint to include detailed factual allegations in support of claims that it has adequately plead, we find that in so doing, PBD has not engaged in undue delay and that Defendants will not suffer any undue prejudice. *See Bell Atlantic Corp, v. Twombly*, 550 U.S. 544, 563 (2007) ("[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint."); *Umar v. Johnson*, 173 F.R.D. 494, 503 (N.D. Ill. 1997) (Shadur, J.) ("The federal rules do not contemplate that parties will amend their pleadings to reflect new information obtained in the discovery process. The information is to be reflected in the framing of issues in the pretrial order, which supersedes the complaint.") (quoting *Ash v. Wallenmeyer*, 879 F.2d 272, 274 (7th Cir. 1989)). Defendants were sufficiently put on notice of the relevant products and time period throughout the course of fact discovery. (*See, e.g.*, Dkts. 247-1, 247-2.) And because expert discovery is stayed and no operative

5

deadline yet exists for its completion, we have minimal concern about Defendants' duplication of expert discovery efforts. (Dkt. 248.) While PBD has represented that it does not need additional discovery, (Dkt. 247 at *6), we acknowledge that Defendants may be entitled to additional limited fact discovery pertaining to the Robinson-Patman claims in light of these amendments.

Second, PBD seeks to add a price-fixing claim under Section 1 of the Sherman Act. Specifically, PBD alleges that Defendants "engaged in a continuing combination and conspiracy in unreasonable restraint of trade and commerce" by entering into "agreements to establish prices for JUUL devices, kits and pods that could not be matched by other competitors such as PBD" and were "fixed and maintained at a noncompetitive level." (Dkt. 225-1 ¶¶ 180, 182, 184, 187.)

PBD brings this new theory of liability much too late in the game. At base, PBD's Sherman Act claim is an "entirely new" and "separate" claim. (Dkt. 247 at *10.) PBD proposes never-before-plead factual allegations unrelated to its claims under the Robinson-Patman Act, including that "Defendants JUUL and HSW agreed and/or conspired with one another to set prices (through rebates, promotions, discounts, favorable returns, etc.) that would be noncompetitive on the market." (Dkt. 225-1 ¶ 118; *see also id.* ¶ 180 ("Defendants JUUL and HSW engaged in a continuing combination and conspiracy in unreasonable restraint of trade and commerce[.]"). Where, as is the case here, a party seeks to add new claims to the pleadings, courts have routinely denied leave to amend. *See, e.g.*, *Aleshire v. Harris, N.A.*, 586 Fed. Appx. 668, 670, 672 (7th Cir. 2013) (district court did not abuse discretion in denying leave to file third amended complaint proposing to assert four new claims based on same set of previously-plead facts); *see also* Dkt. 247 at *12 (PBD acknowledging that "[u]ndue prejudice arises when Plaintiff brings entirely new and separate claims … and extends the duration of the case.").

Allowing PBD's proposed Sherman Act claim, which involves elements entirely distinct from those under the Robinson-Patman Act, would change the course of the underlying legal theories in

this litigation in fundamental ways and entitle Defendants to extensive and lengthy additional fact discovery. PBD has had sufficient time and opportunity, since June 2021 when it initiated this action, to pursue a claim under the Sherman Act, which it contends is based on the same allegations underlying its Robinson-Patman claims. (Dkt. 247 at *11.)

Despite PBD's assertion that it has all the discovery it needs, (Dkt. 247 at *6), PBD has not persuasively demonstrated that Defendants would not be entitled to additional fact discovery on this claim under the Sherman Act, or not be unduly prejudiced by engaging (or not engaging) in such discovery. *See King v. Cooke*, 26 F.3d 720, 724 (7th Cir. 1994) ("[A] party seeking an amendment carries the burden of proof in showing that no prejudice will result to the non-moving party."). Indeed, if the Court were to allow incorporation of this claim into the complaint, Defendants would be entitled to respond to it through a motion to dismiss and answer, as well as conduct additional discovery, including on the relevant product market and impact on competition. This would cause enormous delay in litigation, which has been ongoing for almost four years and is nearing the already delayed discovery finish line.

Finally, the Court expresses reservation over the timing of PBD's motion for leave to amend as it relates to its proposed claim under the Sherman Act. PBD served its Rule 26(a) disclosures and expert reports—which PBD purports set forth the "entirety of its experts' opinions on Sherman Act liability and damages," (Dkt. 247 at *7)—two business days and four calendar days before seeking leave to amend. Preparing expert reports and amending a complaint are no small tasks; each can take weeks, if not months, to prepare. The Court questions PBD's diligence given that both of PBD's experts opined on a claim under the Sherman Act that had not yet been tendered to the Court as a proposed amendment.

7

**IV.     Conclusion**

For the foregoing reasons, PBD's Motion for Leave to File a TAC [225] is granted in part to permit PBD's proposed amendments concerning pods and related events as they relate to PBD's claim for price discrimination, and denied in part as it relates to PBD's proposed claim under Section I of the Sherman Act. PBD shall file on the docket within seven days a TAC that conforms to this opinion. No further amendments of the complaint shall be permitted.

**IT IS SO ORDERED.**

_____
Sharon Johnson Coleman
United States District Judge

DATED: 3/10/2025