UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| POWER BUYING DEALERS USA, INC., CR@ZY US, LLC, and POWER ENERGY CORPORATION, | ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. 21 CV 03154 |
| v. | ) ) | Judge Sharon Johnson Coleman |
| JUUL LABS, INC. and HS WHOLESALE, LIMITED, | ) ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendants Juul Labs, Inc. ("Juul Labs") and HS Wholesale, Limited's ("HSW") (together, "Defendants") motion to dismiss Plaintiff Power Buying Dealers USA, Inc.'s ("PBD") Third Amended Complaint ("TAC"). For the following reasons, the Court grants Defendants' motion to dismiss PBD's TAC [259].

**I.    Background**

The Court assumes the parties' familiarity with the relevant facts underlying the litigation, which the Court set forth in its opinion granting in part and denying in part PBD's motion for leave to file a third amended complaint. *See Power Buying Dealers USA, Inc. v. Juul Labs, Inc. et. al.*, 2025 WL 755692 (N.D. Ill. Mar. 10, 2025). In short, PBD complains of secondary-line price discrimination under the Robinson-Patman Act, 15 U.S.C. § 13, which prohibits a seller from favoring certain buyers of goods similar in grade and quality, such that customers of the favored buyer receive a price advantage relative to customers of competing buyers. Specifically, PBD alleges that Juul Labs unlawfully offered a greater allocation of certain e-cigarette products for which rebates were payable to HSW—one of PBD's competing distributors—than to PBD, and offered HSW discounts and

1

rebates that PBD was denied. PBD also alleges that Juul Labs furnished credits to favored distributors, including HSW, thereby enabling those distributors to provide promotional items to the favored distributors' retail customers. The TAC alleges that these discriminatory acts resulted in HSW paying substantially lower net prices for Juul products than the prices PBD paid.

More than three months after the close of fact discovery, and two business days after PBD served its expert reports, PBD moved for leave to file a TAC, which Defendants opposed. (Dkt. 225; *see* Dkt. 244.) The Court granted in part and denied in part PBD's motion, permitting PBD to incorporate additional factual allegations pertinent to the already existing Robinson-Patman claims in order to conform the pleadings to its findings as a result of discovery, but disallowing PBD's proposed addition of a new, distinct claim under Section 1 of the Sherman Act alleging a vertical price-fixing conspiracy. (Dkt. 254.) The Court ordered PBD to file an amended complaint consistent with its Opinion and held that it would not permit any further amendment of the complaint. (*Id.*)

PBD filed its TAC. Defendants thereafter filed the instant motion to dismiss for failure to state a claim, arguing that PBD, for reasons unknown, deleted requisite allegations concerning a relevant geographic market, which appeared in prior versions of the complaint.

## II.  Legal Standard

In reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in favor of the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). A complaint must contain factual allegations that, accepted as true, "state a claim to relief that is plausible on its face." *Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 463 (7th Cir. 2010) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint is facially plausible when the plaintiff alleges "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

**III.     Discussion**

A plaintiff amends its complaint at its own risk. As is the case with each operative complaint,[1] the plaintiff must allege facts that sufficiently set forth the essential elements of each cause of action.

PBD alleges a claim of secondary-line discrimination under the Robinson-Patman Act, which occurs when a seller's discrimination in price injures competition among the seller's customers (*i.e.*, the favored and disfavored purchasers). *Dynegy Mktg. & Trade v. Multiut Corp.*, 648 F.3d 506, 521 n.2 (7th Cir. 2011). To state a claim for a secondary-line discrimination claim, a plaintiff must allege that: (1) the relevant sales were made in interstate commerce; (2) the product sold to the competing purchasers was of the same grade and quality; (3) the seller discriminated in price between the two purchasers; and (4) the effect of the price discrimination "may be . . . to injure, destroy, or prevent competition" in a manner that advantages the favored purchaser. *Volvo Trucks N. Am. Inc. v. Reeder-Simco GMC, Inc.*, 546 U.S. 164, 177 (2006) (quoting 15 U.S.C. § 13(a)). The fourth prong is sometimes referred to as "competitive injury." *See id.*; *see also Drug Mart Pharm. Corp. v. Am. Home Prods. Corp.*, 472 F. Supp. 2d 385, 423 (E.D.N.Y. 2007) ("Competitive injury is one element necessary to make out a *prima facie* case.").

At issue is whether this fourth prong—competitive injury—requires pleading of the relevant geographic market (*i.e.*, where the sellers at issue compete for the same customers). Defendants say that it does. In support of their position, Defendants point to a decision resolving a discovery dispute in this case holding as much, and claim that PBD's incorporation of alleged relevant markets in its prior complaints (*i.e.*, northern Illinois in the First Amended Complaint ("FAC"); thirteen states in the Second Amended Complaint ("SAC"))—which it deleted from the TAC—demonstrates PBD's

---

[1] It is axiomatic that an amended pleading supersedes all prior versions, such that "[t]he prior pleading is in effect withdrawn as to all matters not restated in the amended pleading, and becomes functus officio." *Duda v. Board of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1057 (7th Cir. 1998) (quoting *Fuhrer v. Fuhrer*, 292 F.2d 140, 144 (7th Cir. 1961)). Accordingly, in resolving the instant motion to dismiss, the Court considers only the allegations pleaded in the TAC.

awareness of the same. PBD responds that a secondary-line injury does not require pleading of a relevant geographic market, and that no case in this Circuit has ever held otherwise.

The Court agrees with Defendants that PBD was required to plead a geographic market in which it suffered competitive injury to sufficiently state a secondary-line discrimination claim under Section 2(a) of the Robinson-Patman Act. While competitive injury "may be inferred from evidence that a favored competitor received significantly better prices over an extended period of time," *Napleton's Arlington Heights Motors, Inc. v. FCA US LLC*, 214 F. Supp. 3d 675, 687 (N.D. Ill. 2016) (Kendall, J.) (quoting *Dynegy Mktg. & Trade*, 648 F.3d at 522), the Supreme Court has held that "[a]bsent actual competition with a favored [competitor], [a plaintiff] cannot establish the competitive injury required under the Act." *Volvo Trucks*, 546 U.S. at 177. Naturally, then, a plaintiff must show that, "as of the time the price differential was imposed, the favored and disfavored purchasers competed at the same functional level, i.e., all wholesalers or all retailers, and within the same geographic market." *Best Brands Beverage, Inc. v. Falstaff Brewing Corp.*, 842 F.2d 578, 585 (2d Cir. 1987).[2]

The Court's finding is consistent with Magistrate Judge Gilbert's decision at an earlier juncture in this case resolving a discovery dispute over the proper scope of PBD's discovery requests. In January 2022, PBD sought to compel HSW to produce discovery related to product sales and customers on a nationwide basis, while HSW sought to limit discovery to northern Illinois—the geographic market in which PBD alleged in its FAC (PBD's then-operative complaint) it suffered competitive injury. On referral, Magistrate Judge Gilbert determined that PBD's request for nationwide discovery was overly broad, burdensome, and not proportional to the needs of the case,

---

[2] *See also Water Craft Mgmt., L.L.C. v. Mercury Marine*, 361 F. Supp. 2d 518, 538 (M.D. La. 2004) ("Actual competition requires that the plaintiff prove a relevant product and geographic market to be defined."); *Dayton Superior Corp. v. Marjam Supply Co.*, 2011 WL 710450, at *10 (E.D.N.Y. 2011) (holding that a plaintiff must "allege that there was price discrimination between it and [the favored purchaser] during the time, and in the place, where that plaintiff and [the favored purchaser] competed for the sale of the same goods") (quoting *United Magazine Co. v. Murdoch Magazines Distrib., Inc.*, 146 F. Supp. 2d 385, 396 (S.D.N.Y. 2001)).

given that the FAC alleged injury primarily, if not exclusively, in northern Illinois. *Power Buying Dealers USA, Inc. v. Juul Labs, Inc. et. al.*, 2022 WL 1136578, at *1 (N.D. Ill. Apr. 18, 2022) (Gilbert, J.). Magistrate Judge Gilbert also concluded that a plaintiff advancing a secondary-line discrimination claim must "plead and prove a geographic market as part of a relevant market analysis." *Id.* (explaining that such a conclusion is supported by the Seventh Circuit's rejection of the notion that a "general threat to competition in any market" is sufficient to show a secondary-line discrimination claim) (quoting *Lupia v. Stella D'Oro Biscuit Co.*, 586 F.2d 1163, 1170 (7th Cir. 1978)).

To be clear, the Court agrees with PBD that the context of Magistrate Judge Gilbert's opinion is important. That opinion did not rule on the sufficiency of any complaint, but rather established the proper scope of discovery in relation to the FAC—a complaint that, while no longer operative, also alleged a secondary-line discrimination claim. This Court is not bound by that decision's holding as to the requisite elements for a secondary-line discrimination claim, and, on further reflection, the Court queries whether such holding exceeded the scope of the Court's referral.

Even so, in support of its efforts to obtain broad discovery, PBD contended that the FAC's references to northern Illinois were made not because competitive injury was limited to that geographic area, but "so that PBD could demonstrate that HS[W] and PBD are actually competitors[.]" (Dkt. 70 at *6.) PBD acknowledged that "pleading that two entities are competitors is a fundamental requirement of a secondary-line Robinson-Patman Act claim." (*Id.* at *6–*7.) *See, e.g.*, *Napleton's Arlington Heights Motors, Inc.*, 214 F. Supp. at 687–88 (discussing a plaintiff's burden to adequately allege that it was in competition with other purchasers).

By removing all allegations of a relevant geographic market, PBD's TAC fails to sufficiently allege that PBD and HSW were in actual competition. While the TAC vaguely alludes to "the market," (Dkt. 255 ¶¶ G, 118), it does not include any allegation about where that market is located. *See, e.g.*, *id.* ¶ G ("Defendants . . . agreed and/or acted in concert with one another … at the expense of Plaintiff

5

in the same channels and territories…"); *id.* ¶ 126 ("Defendants . . . knowingly secured for themselves . . . an advantage in competition on the open market."). In stark contrast, prior versions of PBD's complaint alleged where PBD and HSW competed. *See* Dkt. 112 ¶ 95 (SAC alleging that "PBD [] and HS[W] compete for customers for Juul products in the states of Illinois, California, Arizona, Nevada, Texas, New York, Pennsylvania, Michigan, Wisconsin, Indiana, Florida, Georgia and South Carolina"). Without an allegation regarding the relevant geographic market in which PBD and HSW (the alleged favored purchaser of Juul products) competed, the Court cannot conclude that they are in fact competitors. And while PBD has intimated that it competed with HSW, mere "labels and conclusions" will not suffice. *Twombly*, 550 U.S. at 555.

Lastly, the Court notes that PBD contends that the parties have already conducted extensive discovery concerning Juul products, focusing on specific areas and states, and that Defendants "are aware of the nature of the claims and the type of interstate commerce implicated in this case." (Dkt. 266 at *12.) To the extent PBD is arguing that years of prior discovery put Defendants on notice of the relevant geographic market at issue, such an assertion is unpersuasive. The pleadings must stand on their own. The fruits of previously-conducted discovery, whatever they may be, cannot serve as a basis to circumvent the pleading standard.

## IV.     Conclusion

For the foregoing reasons, Defendants' motion to dismiss PBD's TAC [259] is granted with prejudice, as the Court's prior Opinion stated that the Court would not allow further amendments to the complaint.

**IT IS SO ORDERED.**

                                                                                    _____
                                                                                    Sharon Johnson Coleman
                                                                                    United States District Judge

DATED: 6/4/2025