UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| POWER BUYING DEALERS USA, INC., a Delaware corporation, ) ) ) | |
| Plaintiff, ) | Case No. 21-cv-03154 |
| ) v. ) ) | Judge Sharon Johnson Coleman |
| JUUL LABS, INC., a Delaware corporation, and HS WHOLESALE, LIMITED, a corporation, ) ) ) ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Power Buying Dealers, USA, Inc. ("PBD") brought claims of secondary-line price discrimination against Defendants Juul Labs, Inc. ("Juul Labs") and HS Wholesale, Limited ("HSW") under the Robinson-Patman Act, 15 U.S.C. § 13. Now before the Court is PBD's motion to reconsider its order dismissing PBD's third amended complaint (the "TAC") pursuant to Federal Rule of Civil Procedure 59(e). For the reasons set forth below, PBD's motion is denied [273].

**BACKGROUND**

The Court assumes the parties' familiarity with the relevant facts underlying its claims, as well as the procedural history of this litigation, both of which are set out in the Court's order dismissing the TAC. *See Power Buying Dealers USA, Inc. v. Juul Labs, Inc. et. al.,* No. 21-cv-03154, 2025 WL 755692 (N.D. Ill. June 4, 2025). To summarize, PBD alleges that Juul Labs unlawfully offered HSW, a competitor of PBD, a greater allocation of certain e-cigarette products for which rebates were payable, than it offered to PBD. PBD further alleges that Juul Labs offered HSW discounts and rebates that PBD was denied, and furnished credits to favored distributors, including HSW, enabling those distributors to provide promotional items to favored distributors' retail customers.

1

This resulted in HSW paying substantially lower net prices for Juul Labs' products than the prices PBD paid. PBD brought claims of secondary-line price discrimination against Juul Labs and HSW under the Robinson-Patman Act, 15 U.S.C. § 13, which prohibits a seller from favoring certain buyers of goods similar in grade and quality, such that customers of the favored buyer receive a price advantage relative to customers of competing buyers.

The Court twice granted PBD leave to amend its complaint after it had done so the first time as of right. In allowing PBD to once again amend, the Court permitted PBD to add additional factual allegations pertinent to its Robinson-Patman claims to incorporate its findings from discovery. The Court was clear that it would not permit further amendments to PBD's complaint. (Dkt. 254). After PBD filed its TAC, Defendants moved to dismiss the TAC for failure to state a claim. (Dkt. 259). Specifically, Defendants pointed out that PBD deleted requisite allegations concerning a relevant geographic market, which appeared in prior versions of the complaint. On that basis, the Court granted Defendants' motion to dismiss with prejudice. (Dkt. 270).

**LEGAL STANDARD**

Rule 59(e) allows a court to amend a judgment where a movant "demonstrate[s] a manifest error of law or fact or present[s] newly discovered evidence." *Lightspeed Media Corp. v. Smith*, 830 F.3d 500, 505–06 (7th Cir. 2016) (internal citations omitted). A "manifest error" means "the district court commits a wholesale disregard, misapplication, or failure to recognize controlling precedent." *Stragapede v. City of Evanston, Illinois*, 865 F.3d 861, 868 (7th Cir. 2017) (internal quotation omitted).

Relief through a Rule 59(e) motion for reconsideration is an "extraordinary remed[y] reserved for the exceptional case." *Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008). A motion to reconsider "is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1269-70 (7th Cir. 1996). "A manifest error is not

demonstrated by the disappointment of the losing party." *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (internal quotations omitted). It is "the disregard, misapplication, or failure to recognize controlling precedent." *Id.*

**DISCUSSION**

    **I.    PBD Failed to Show a Manifest Error of Law**

Nowhere in its motion does PBD identify a "manifest error of law" such that relief under Rule 59(e) is warranted. Rather, PBD requests relief in the interest of "fundamental fairness" and "substantial justice." (Dkt. 273 at *1, 8). But PBD suggests that the Court "adopted a pleading standard for this case (based at least in part upon the Magistrate's prior discovery order) that has never been required in the established precedent." (Dkt. 277 at *3).

The Court considered these same issues in its order on Defendants' motion to dismiss the TAC. The law has not changed since. To state a claim for secondary-line discrimination under the Robinson-Patman Act, plaintiffs must allege that the effect of the alleged price discrimination "may be . . . to injure, destroy, or prevent competition" in a manner that advantages the favored purchaser, also known as "competitive injury." *Volvo Trucks N. Am. Inc. v. Reeder-Simco GMC, Inc.*, 546 U.S. 164, 177 (2006) (quoting 15 U.S.C. § 13(a)). To show competitive injury, plaintiffs must allege that it was in "actual competition" with a favored competitor. *See id*; *see also Water Craft Mgmt., L.L.C. v. Mercury Marine*, 361 F. Supp. 2d 518, 537 (M.D. La. 2004), *aff'd sub nom. Water Craft Mgmt. LLC v. Mercury Marine*, 457 F.3d 484 (5th Cir. 2006) (actual competition requirement is satisfied "by showing the competitors competed at the same functional level and within the same geographic market"). In PBD's own terms, "pleading that two entities are competitors is a fundamental requirement of a secondary-line Robinson-Patman Act claim." (Dkt. 70 at *6–*7.) The Court's reasoning stands: "By removing all allegations of a relevant geographic market, PBD's TAC fails to sufficiently allege that PBD and HSW were in actual competition." (Dkt. 273 at *5.)

PBD's argument that the Court construed Magistrate Judge Gilbert's "plead and prove" discovery order as imposing an additional "pleading standard" is not well-taken. The Court recognized that order "did not rule on the sufficiency of any complaint, but rather established the proper scope of discovery," and the Court found that it was "not bound by [the] holding as to the requisite elements for a secondary-line discrimination claim." (Dkt. 270 at *5). While the Court's reasoning was consistent with Judge Gilbert's order, it was not a basis for the Court's holding.

## II. The Court Will Not Grant PBD Leave to Amend

While PBD styles its motion as a motion to reconsider the Court's order dismissing the TAC, in its motion PBD requests leave to amend its complaint for a fourth time. The Court need not reconsider the issue as PBD's instant motion will be denied, but the Court briefly addresses PBD's arguments justifying its request.

PBD protests that it "was never 'put on notice' that the Court required Plaintiff to plead RGM in the TAC." (Dkt. 277 at *7.) Yet PBD alleged a relevant geographic market in its prior complaints. The Court could not have foreseen that, when granted leave to amend, PBD would excise key allegations already in its complaint. Indeed, it is still unclear to the Court why PBD removed its allegations as to relevant geographic market. But the Court was explicit that it would allow no further amendments to the complaint after granting leave to file the TAC, and the role of the Court is not to correct miscalculated decisions as to how a party amends its pleadings. For the same reason, the Court declines to allow PBD's attempt to circumvent the Court's instruction by withdrawing the TAC and reinstating its second amended complaint.

While claiming that it was not "on notice" that pleading a relevant geographic market was required, PBD argues in its reply brief that it nevertheless did adequately allege that market in the TAC. PBD points to allegations that PBD, Juul Labs, and HSW all conduct business in Illinois; the "Territory" defined by HSW's Distribution Agreement with Juul Labs encompasses "Central Illinois

4

(zip code 60105)"; Juul Labs allowed HSW to sell its products "anywhere in the United States"; and HSW represented that it would "ship to all 50 States in the U.S." and its territories. Those allegations do not establish a relevant geographic market. PBD's allegations might suffice to establish personal jurisdiction over Defendants in that they conduct business in Illinois, and to establish that Defendants may have had a nationwide presence. The relevant geographic market in which HSW competed *against PBD* is not specified. That is required to show actual competition.

Finally, PBD argues that the Court should consider its interrogatory answer identifying the "geographic markets" at issue when evaluating the sufficiency of its pleadings. A motion to dismiss "must be decided solely on the face of the complaint and any attachments that accompanied its filing." *Miller v. Herman*, 600 F.3d 726, 733 (7th Cir.2010) (citing Fed. R. Civ. P. 10(c)). "[D]ocuments attached to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint." *E.E.O.C. v. Concentra Health Serv., Inc.*, 496 F.3d 773, 778 (7th Cir. 2007) (citation omitted). The Court "cannot consider [an] interrogatory answer as part of the pleadings" where PBD makes "no reference" to its interrogatory answer in the TAC. *See Zaborowski v. Sheriff of Cook Cnty.*, No. 08-cv-6946, 2010 WL 5463065, at *2 (N.D. Ill. Dec. 29, 2010) (St. Eve, J.). The Court will not "supplement" PBD's pleadings with extrinsic facts; the purpose of interrogatories is not to correct fatal pleading deficiencies. Instead, the Court reiterates its conclusion from its prior order: "The pleadings must stand on their own."

**CONCLUSION**

For these reasons, the Court denies PBD's motion to reconsider [273].

**IT IS SO ORDERED.**

Date: 2/4/2026

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge

5