# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| POWER BUYING DEALERS USA, INC., a Delaware corporation, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 21-cv-03154 |
| v. | ) ) | Judge Sharon Johnson Coleman |
| JUUL LABS, INC., a Delaware corporation, and HS WHOLESALE, LIMITED, a corporation, | ) ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Power Buying Dealers, USA, Inc. ("PBD") brought claims of secondary-line price discrimination against Defendants Juul Labs, Inc. ("Juul Labs") and HS Wholesale, Limited ("HSW" and, together with Juul Labs, "Defendants") under the Robinson-Patman Act, 15 U.S.C. § 13. Now before the Court is Defendants' motion to reconsider its order denying to reconsider dismissal of PBD's complaint pursuant to Federal Rule of Civil Procedure 54(b). For the reasons set forth below, Defendants' motion is granted [286].

## BACKGROUND

The Court assumes the parties' familiarity with the procedural history of this litigation. The instant motion can be traced back to when the Court granted PBD leave to filed a Third Amended Complaint ("TAC") on March 10, 2025. In that order, the Court stated it would not permit further amendments to PBD's complaint. (Dkt. 254). After PBD filed its TAC, Defendants moved to dismiss the TAC for failure to state a claim. (Dkt. 259). Specifically, Defendants pointed out that PBD deleted requisite allegations concerning a relevant geographic market, which appeared in prior versions of the complaint. On that basis, the Court granted Defendants' motion to dismiss with

1

prejudice. (Dkt. 270). PBD filed a motion for reconsideration of the Court's dismissal order, claiming manifest errors of law in requiring PBD to plead a relevant geographic market ("RGM"). (Dkt. 273). The Court denied that motion as well, finding no error of law in its determination that PBD was required to plead an RGM. (Dkt. 278). PBD subsequently filed yet another motion for reconsideration of the Court's order denying reconsideration on its original dismissal of PBD's complaint. (Dkt. 281). After oral argument, the Court granted PBD's second motion to reconsider and vacated its dismissal order, granting PBD leave to file another amended complaint. Defendants then filed the instant motion under Rule 54(b) to reconsider its decision vacating the dismissal. (Dkt. 286).

**LEGAL STANDARD**

Rule 54 provides that non-final orders "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b); *see also Peterson v. Lindner,* 765 F.2d 698, 704 (7th Cir. 1985) (stating that a judge has the power to reconsider an interlocutory order at any time before final judgment). Rule 54(b) motions are governed by the same standards as Rule 59(e) motions. *Mahwikizi v. Uber Tech., Inc.*, 2023 WL 4625519, at *1 (N.D. Ill. July 19, 2023) (Durkin, J.). Thus, for relief under 54(b), a movant "must clearly establish a manifest error of law or fact or must present newly discovered evidence." *LB Credit Corp. v. Resol. Tr. Corp.*, 49 F.3d 1263, 1267 (7th Cir. 1995). A manifest error of law is the "disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metro. Life Ins.,* 224 F.3d 601, 606 (7th Cir. 2000) (internal quotation marks omitted).

**DISCUSSION**

After an original complaint is dismissed under Rule 12(b)(6), a court generally should allow at least one opportunity to amend the complaint before dismissing the entire action. *NewSpin Sports, LLC v. Arrow Electronics, Inc.,* 910 F.3d 293, 310 (7th Cir. 2018); *Runnion ex rel. Runnion v. Girl Scouts of*

2

*Greater Chicago. & Northwest Ind.*, 786 F.3d 510, 519 (7th Cir. 2015). The court should "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). As stated by the Supreme Court:

> In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given' Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

> *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962).

Typically a plaintiff may not amend under Rule 15(a) once a final judgment dismissing a case has been entered, unless the judgment is modified under Rule 59(e) or 60(b) or on appeal. *NewSpin Sports*, 910 F.3d at 310; *Runnion*, 786 F.3d at 521. However, the Seventh Circuit reviews "post-judgment motions for leave to amend … according to the Rule 15 standard" in situations where "a district court enters judgment at the same time it first dismisses a case." *O'Brien v. Vill. of Lincolnshire*, 955 F.3d 616, 629 (7th Cir. 2020) (internal citations omitted). Therefore, when a court takes "the unusual step of entering judgment at the same time it dismisses the complaint" for the first time, "the court need not find other extraordinary circumstances and must still apply the liberal standard for amending pleadings under Rule 15(a)(2)."

   *O'Brien v. Vill. of Lincolnshire*, 955 F.3d 616 (7th Cir. 2020), is instructive. In that case, such as this case, plaintiffs' complaint underwent multiple rounds of amendment before the district court dismissed it for the first time. The plaintiffs "indicated their intention to request leave to file a fourth amended complaint" if the court reconsidered its dismissal. The district court then "used the higher standard of Rule 59(e) when deciding the motions to alter or amend the judgment and for leave to amend the complaint." However, on appeal the Seventh Circuit held that the district court "should have applied the more generous Rule 15(a) standard," because the first time the court dismissed the complaint was with prejudice without leave to amend. In ruling that the Rule 15(a)

3

standard was the correct standard to apply, the Seventh Circuit kept in line with "the presumption in favor of giving plaintiffs at least one opportunity to amend." *Runnion*, 786 F. 3d at 518. Indeed, "denying a plaintiff that opportunity carries a high risk of being deemed an abuse of discretion." *Id.*

Here, the Court dismissed PBD's TAC with prejudice without giving leave to amend. This was the first time it dismissed PBD's case. The Court applied Rule 59, rather than Rule 15, to the original motion for reconsideration, finding no error of law. Upon PBD's second motion for reconsideration, to avoid disregarding Seventh Circuit precedent establishing a presumption that a court should "freely give leave [to amend] when justice so requires" upon dismissing a complaint for the first time, *see* Fed. R. Civ. P. 15(a), the Court applied the liberal standard under Rule 15 and vacated its dismissal, allowing PBD to file an amended complaint.

Based on the information before it, the Court found that there was no bad faith and there would be little, if any, prejudice to Defendants. This was critical to the Court's decision of whether it would allow PBD to amend the complaint. While PBD had already amended its complaint several times before, PBD represented at the hearing on March 9, 2026. that fact discovery was complete and it was "locked in" with the facts discovery had revealed. PBD assured the Court that it was "not going to get anything new." The Court concluded that with a fully-developed factual record, Defendants were not in danger of being confronted with any new factual allegations not already established by discovery.

Defendants demonstrated to the Court in its motion to reconsider that fact discovery was not complete. PBD responded that "the date for the close of fact discovery previously occurred" but that there were a few issues "remaining to be complete." (Dkt. 289) at *9. It did not address Defendant's claim that it "utilized the additional discovery Defendants were allowed to take to further expand the record." (Dkt. 286) at *12. Instead, at the hearing on April 6, 2026, PBD asserted again that fact discovery was closed, stating that Defendants "didn't ask for any

4

depositions" and only issued one interrogatory during the additional limited discovery they were permitted to take. The evidence provided by Defendants contradicts this: they intended to depose a Rule 30(b)(6) witness from PBD, and had an ongoing discovery dispute regarding PBD's responses. (Dkt. 286-3). The date scheduled for the close of fact discovery may have occurred, but that is not the same as fact discovery being complete. The factual record was subject to change, and therefore, so were PBD's theories and allegations.

Under the Rule 15 standard, both bad faith and prejudice to Defendants provide grounds to deny leave to amend. When it affirmed the lower court in *O'Brien*, the Seventh Circuit found that "[a]lthough the court erroneously applied the Rule 59(e) standard … the reasoning demonstrates that the court did not abuse its discretion in denying the motions" where there was reason to deny the motion under Rule 15. *O'Brien*, 955 F. 3d 631. Here, there was a misrepresentation of the facts which formed the basis for the Court's decision to grant leave to amend. Additionally, falsely claiming that fact discovery was fully closed and that there wouldn't be "anything new" is an indication of bad faith. That is reason enough for the Court to revisit its ruling, deny leave to amend, and affirm its dismissal.

**CONCLUSION**

The Court will not tolerate misinformation nor distortion of facts from any party, which corrupt the integrity of its decisions. For these reasons, the Court grants Defendants' motion to reconsider [286]. The Court vacates its February 27, 2026 Order [285] granting leave to file a Fourth Amended Complaint and affirms its previous decisions, dismissing the Complaint with prejudice.

**IT IS SO ORDERED.**

Date: 4/8/2026

Entered: _____

SHARON JOHNSON COLEMAN
United States District Judge

5